Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000388
27-JUN-2018
12:03 PM

NO. CAAP-16-0000388

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BUCKY K. INENAGA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-15-04090)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Bucky K. Inenaga (**Inenaga**) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**) entered on April 12, 2016 in the District Court of the First Circuit (**District Court**). After a bench trial, the District Court found Inenaga guilty of operating a vehicle under the influence of an intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2007).[1]

On appeal, Inenaga contends that: (1) the OVUII charge was defective for failing to define the term "alcohol" as set

---

[1]  HRS § 291E-61(a)(1) provides:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

forth in the applicable statutory definition; (2) there was insufficient evidence that he was impaired by "alcohol" according to his reading of the term's statutory definition; and (3) the District Court erred in denying his motion to suppress statements he made to Officer Joshua Wong (**Officer Wong**) upon being stopped and his answers to the "medical rule-out questions" asked before he performed field sobriety tests because no prior <u>Miranda</u> warnings were given.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and issues raised by the parties, we resolve Inenaga's points of error as follows and affirm.

On August 29, 2015, at about 12:43 a.m., Officer Wong effected a traffic stop of a car being driven by Inenaga. Inenaga's car was headed in the wrong direction on Pensacola Street, which is a one-way street, and was traveling in the same lane as Officer Wong's vehicle, coming head-on towards Officer Wong, when Officer Wong stopped Inenaga's car. After activating the blue lights and siren of his patrol car, Officer Wong directed Inenaga to turn into a side street and pull over, and Inenaga complied. Officer Wong approached Inenaga and explained that Inenaga had been pulled over for driving the wrong way on a one-way street. Inenaga expressed surprise that Pensacola was a one-way street.

While conversing with Inenaga, Officer Wong noticed a strong odor of alcohol coming from Inenaga's breath, that Inenaga's eyes were red and bloodshot, and that his speech was slurred. Officer Wong informed Inenaga of his observations and asked Inenaga if Inenaga would participate in a field sobriety test. In response, Inenaga said that he had come from a nightclub and had been drinking, but that he was "not that wasted," and Inenaga agreed to participate in the field sobriety tests.

---

[2] The Honorable Lono J. Lee presided over Inenaga's motions to dismiss for defective charge and to suppress evidence. The Honorable James H. Ashford presided over Inenaga's trial and sentencing.

Prior to administering the field sobriety test, Officer Wong asked Inenaga "medical rule-out questions" to determine if Inenaga had any medical conditions that would affect his ability to perform the tests. Officer Wong asked Inenaga whether "he was sick, if he was injured, he was taking any prescribed medications, if he was diabetic, epileptic, if he had any physical defects, any type of speech impediments, if he had a glass or artificial eye, and if he was under the care of a doctor, a dentist, or an eye doctor." Inenaga answered "no" to all of these questions.

During the walk-and-turn test, Inenaga was unable to keep his balance in the instructional position, started too soon, missed heel to toe on every step, made an improper turn, stepped off the line seven times, and raised his arms. During the one-leg stand test, Inenaga raised his arms to maintain his balance and swayed from side to side throughout the test. After completing the field sobriety tests and a preliminary alcohol screening, Inenaga was placed under arrest.

**(1) Sufficiency of the Charge.** On appeal, Inenaga contends that his OVUII charge was defective for failing to define the term "alcohol" as set forth in the statutory definition, HRS § 291E-1 (2007), that was in effect at the time of the alleged offense. This contention is without merit. State v. Tsujimura, 140 Hawaiʻi 299, 307-09, 400 P.3d 500, 508-10 (2017) (holding that an OVUII charge was not defective for failing to allege the statutory definition of "alcohol.").[3]

**(2) Sufficiency of the Evidence.** We similarly reject Inenaga's claim that there was insufficient evidence to support his conviction. Inenaga's claim is based on his reading of the statutory definition of "alcohol" applicable to this case as

---

[3] Inenaga's claim that applying the OVUII statute to driving under the influence of alcoholic beverages such as beer and wine would render the statute unconstitutionally vague is likewise without merit. State v. Karamatsu, No. CAAP-16-0000246, 2017 WL 2839545, at *6 n.5 (Hawaiʻi App. Jun. 30, 2017), cert. denied, SCWC-16-0000246, 2017 WL 6524751 (Haw. Dec. 21, 2017).

being restricted only to alcohol that is the product of distillation. Inenaga's reading of the statutory definition, however, was held to be erroneous by this court and the Hawai'i Supreme Court in <u>Tsujimura</u>, 140 Hawai'i at 307-08, 400 P.3d at 508-09. Based on <u>Tsujimura</u>, Inenaga's insufficiency of evidence argument fails.

**(3) Miranda.** Inenaga contends he was in custody when he told Officer Wong, during their initial encounter, that he had come from a nightclub and had been drinking, but was not that wasted, and when he answered the medical rule-out questions before performing the field sobriety tests. Inenaga therefore argues that these statements and his answers to the medical rule-out questions should have been suppressed on the ground that he did not receive prior <u>Miranda</u> warnings. We disagree.

Inenaga's statements about having come from a nightclub and drinking were made during his initial encounter with Officer Wong after a valid traffic stop. Officer Wong asked the medical rule-out questions after Inenaga agreed to participate in the field sobriety tests and for the purpose of ensuring the validity of the tests. Under the totality of the circumstances, we conclude that Inenaga was not in custody for <u>Miranda</u> purposes when he made the challenged statements and answered the medical rule-out questions. <u>See</u> <u>Berkemer v. McCarty</u>, 468 U.S. 420, 437-39 (1984) (holding that persons temporarily detained pursuant to ordinary traffic stops are not in custody for purposes of <u>Miranda</u>); <u>State v. Wyatt</u>, 67 Haw. 293, 300-01, 687 P.2d 544, 549-50 (1984) (concluding that a motorist who was subjected to on-the-scene questioning by a police officer after a traffic stop was not in custody for <u>Miranda</u> purposes); <u>State v. Kahana</u>, No. CAAP-17-0000359, 2018 WL 2316511, *1-2 (Hawai'i App. May 22, 2018) (concluding that the defendant was not in custody when she answered the medical rule-out questions or while performing the field sobriety tests); <u>State v. Uchima</u>, No. CAAP-17-0000081, 2018 WL 898225, *1-2 (Hawai'i App. Feb. 15, 2018) (concluding that the defendant was not in custody when the officer asked him the

4

medical rule-out questions). Given that Inenaga was not in custody, no prior <u>Miranda</u> warnings were required, and the District Court properly denied Inenaga's suppression motion.

Therefore, based on the foregoing, we affirm the District Court of the First Circuit's "Notice of Entry of Judgment and/or Order and Plea/Judgment" filed on April 12, 2016.

DATED: Honolulu, Hawai'i, June 27, 2018.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Brian R. Vincent,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge